IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
COPRUS CHRISTI DIVISION

| | | |
|---|---|---|
| WALTON CUDE § | | |
| Plaintiff § | | |
| § | | |
| V. § | | CIVIL ACTION NO. 2:19cv388 |
| § | | |
| AEP TEXAS INC. § | | |
| Defendant § | | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONTY OF BILL WINKFEIN**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff Walton Cude ("Mr. Cude"), Plaintiff in the above entitled and numbered cause and files this his Response to Defendant AEP Texas Inc.'s ("AEP") Motion to Exclude Expert Testimony of Plaintiff's Expert, Bill Winkfein ("Mr. Winkfein"), and would respectfully show as follows:

## I.
## LEGAL STANDARD

In *Daubert v. Merrell Dow Pharmaceuticals*, the United States Supreme Court held that Federal Rule of Evidence 702 is the proper standard for determining the admissibility of expert testimony. *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 597-98, 113 S. Ct. 2786 (1993). Rule 702 states as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the

testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Under Daubert, a trial court acts as a "gatekeeper," making a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether the reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592–93; *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (5th Cir. 2002). *Daubert* and its principles apply to both scientific and non-scientific expert testimony. *Kumho Tire v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167 (1999). The responding party [in a motion to exclude expert testimony] does not, however, have the burden of proving that the expert's opinions are correct. *Tanner v. Westbrook*, 174 F.3d 542, 547 (5th Circ. 1999). Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. *Daubert* at 596.

## II.
## EXHIBITS IN SUPPORT OF MOTION

The following exhibits are attached in support of this motion and are incorporated by reference:

Exhibit A: Deposition transcript of Bill Winkfein
Exhibit B: AEP's Designation of Experts and Reports of Ricardo Torres and Don Russell

# III.
# ADMISSIBILITY OF MR. WINKFEIN'S EXPERT TESTIMONY

The proponent of expert testimony has the burden of demonstrating that "(1) the expert is qualified, (2) the evidence is relevant to the suit, and (3) the evidence is reliable." *Half Price Books, Records, Magazines, Inc. v. Barnesandnoble.com, LLC*, No. 3:02-CV-2518-G, 2004 U.S. Dist. LEXIS 23691, at *7 (N.D. Tex. Nov. 22, 2004).

1. **Mr. Winkfein is qualified to testify as an electrical expert.**

Experts need not be highly qualified to testify, and differences in expertise go to the weight of the testimony, rather than admissibility. *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). The basis of an expert's specialized knowledge may come from a variety of sources, including academic training and credentials or practical experience. *S. Cement Co. v. Sproul*, 378 F.2d 48, 49 (5th Cir.1967). *Portillo v. Sears Roebuck & Co.*, No. EP-13-CV-369-PRM, 2014 U.S. Dist. LEXIS 197496, at *5-6 (W.D. Tex. Sep. 17, 2014). An expert may establish "specialized knowledge" through extensive experience and credentials in his field. *Half Price Books, Records, Magazines, Inc. v. Barnesandnoble.com, LLC*, No. 3:02-CV-2518-G, 2004 U.S. Dist. LEXIS 23691, at *10 (N.D. Tex. Nov. 22, 2004).

Here, Mr. Winkfein is a master electrician licensed by the state of Texas and a member of the International Brotherhood of Electrical Workers. (Ex. A, 12:6-23). Mr. Winkfein has over thirty years of experience as a master electrician and has provided internal wiring and external hookups throughout the United

States. (Ex. A, 12:4-6; 15:10-16). AEP argues that Mr. Winkfein is not qualified to give his opinions regarding the cause of the fire because he has never testified as an expert before, he has never worked for an electrical utility, and because he did not use the standards of the National Electrical Safety Code and NFPA 921. Mr. Winkfein's qualifications derive not only from his academic training, but from practical experience. Mr. Winkfein is a licensed master electrician with specialized knowledge through his extensive experience and credentials in the electrician industry; he is qualified to opine in matters pertaining to the electrical faults at issue in this case.

**2.      Mr. Winkfein's testimony is relevant.**

An expert's testimony does not need to relate directly to the ultimate issue that is to be resolved by the trier of fact; it only needs to be relevant to evaluating a factual matter. *Smith v. Ford Motor Co.*, 215 F.3d 713, 720 (7th Cir. 2000). Unlike an ordinary witness, see Rule 701, an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592, 113 S. Ct. 2786, 2796 (1993).

Mr. Cude's home burned to the ground in the middle of the night. Mr. Cude and others witnessed AEP's power lines arcing and sparking as the house burned. AEP's expert witnesses were unable to determine the cause of the fire. AEP's expert witness, Ricardo Torres is a certified fire investigator and his expert report states that the cause of the fire is classified as Undetermined. (Ex.

4

B, pg. 11). Mr. Torres' expert report also states that it was impossible to complete a forensic investigation into the origin and cause of the fire due to the deteriorated condition of the fire scene (Ex. B, pg. 11). AEP's expert witness, B. Don Russell, does not point to any specific cause of the fire. (Ex. B, pg. 25-28). Mr. Winkfein contends that a faulty transformer, faulty grounding, and a malfunctioning fuse can create conditions that lead to a fire of this type. (Ex. A, 200:6-11; 199:18-21; 200:22-25; 201:1). AEP's inability to point to a cause of the fire exemplifies the fact that Mr. Winkfein's opinions as a master electrician are relevant to evaluating the issues in this suit.

**3.     Mr. Winkfein's testimony is reliable.**

The final rule 702 hurdle is reliability, which is not a question that can be answered by some generic test. The variability of type and purpose of the particular testimony at issue requires flexibility in answering the reliability inquiry. *Mathis v. Exxon Corp.*, 302 F.3d 448, 460 (5th Cir. 2002).

> *Daubert*, of course, provides an illustrative list of factors that may aid a court in evaluating reliability: "(1) whether the expert's theory can be or has been tested; (2) whether the theory has been subject to peer review and publication; (3) the known or potential rate of error of a technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) the degree to which the technique or theory has been generally accepted in the scientific community." *Id.*

The factual basis of an expert's opinion generally relates to the weight a jury should give that opinion and the expert's credibility, not to the testimony's admissibility. *In Re Scrap Metal Antitrust Litig.*, 527 F.3d at 531-32; *see Primrose Oper. Co. v. National Am. Ins.*, 382 F.3d 546, 562 (5th Cir. 2004) (questions about

bases and sources of expert's opinion generally affect weight to be assigned to that opinion rather than its admissibility and should be left for jury's consideration).

Here, factors (3) and (5) do not apply to Mr. Winkfein's theory. AEP contends that Mr. Winkfein's theory was not properly investigated and tested, despite AEP's own experts concluding that it was impossible to complete an investigation. Mr. Winkfein relied on the National Electric Code, and the Lineman & Cableman's Code, both published works, to formulate his theory that AEP failed to maintain the transformer, grounding, and fuse on the utility pole that provided electricity to Mr. Cude's home, all of which could result in a fire of this type and is consistent with the observations of Cude and others. (Ex. A, 96:2-11; 96:23-25).

## IV.
## CONCLUSION

Mr. Winkfein satisfies the qualification and reliability requirements of *Daubert*. Mr. Winkfein is a master electrician licensed by the state of Texas, a member of the International Brotherhood of Electrical Workers, and has provided internal wiring and external hookups throughout the United States for over thirty years. Mr. Winkfein relied on published works, in conjunction with his thirty years of experience as a master electrician to formulate his theory. Mr. Winkfein's testimony satisfies the *Daubert* analysis and is a proper expert witness in this case.

# V.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Walton Cude prays that after considering Defendant's motion, this response, and after hearing, the Court deny Defendant AEP's Motion to Exclude the Expert Report and Testimony of Bill Winkfein, and that Mr. Cude has all other relief, in law and in equity to which it shall be justly entitled.

Respectfully submitted,

/s/ John Swallow /s/
VAN HUSEMAN (SBN: 10323500; Fed. ID: 1167)
vhuseman@husemanlawfirm.com
JOHN SWALLOW (SBN: 24085611; Fed. ID: 2050611)
jswallow@husemanlawfirm.com
**HUSEMAN LAW FIRM, PLLC**
615 N. Upper Broadway, Ste. 2000
Corpus Christi, TX 78401-0781
Tel: (361) 883-3563; Fax: (361) 883-0210

## CERTIFICATE OF SERVICE

I certify that on Wednesday, December 23, 2020 a true and correct copy of the above and foregoing was served on the following persons in the manner set forth below:

**VIA ELECTRONIC SERVICE**
G. Don Schauer
SCHAUER & SIMANK, P.C.
615 N. Upper Broadway, Suite 700
Corpus Christi, Texas 78401-0781

/s/ John Swallow /s/
John Swallow