IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WALTON CUDE | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:19cv388 |
| | § | |
| AEP TEXAS INC. | § | |
| | § | |
| Defendant | § | |

## DEFENDANT AEP TEXAS INC.'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO EXCLUDE EXPERT TESTIMONY OF BILL WINKFEIN

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant AEP Texas Inc. ("AEP"), Defendant in the above entitled and numbered cause and files this its Reply to Plaintiff's Response to Motion to Exclude the Expert Testimony of Plaintiff's Expert, Bill Winkfein, and would respectfully show unto the Court as follows:

### I.
### LACK OF EXPERTISE AND RELIABILITY

Plaintiff's response misinterprets the expert opinion requirement in a case such as this which involves fire causation. It is not enough to simply point out that Mr. Winkfein is a master electrician and has provided internal wiring to homes or businesses.[1] *Daubert* asks "whether the expert's methodology can be controlled by standards, and whether the theory or methodology is generally accepted within the scientific community." *Atlantic Specialty Ins. Co. v. Porter, Inc.*,

---

[1] Winkfein has testified that he has never worked for an electric utility, as a firefighter, or is certified to conduct fire investigations. This is his first time to testify as an expert witness and to be deposed on any subject.

No. 15-510, 2016 WL 6126062 *5 (E.D. La. Oct. 20, 2016). "Courts largely agree that the peer-reviewed NFPA 921 embodies the standards of the field of fire investigations and causation." *Id.*

As pointed out in AEP's motion, not only does Winkfein lack expertise in the National Electric Code (NEC), National Electrical Safety Code (NESC), and AEP's tariff, he is completely unfamiliar with NFPA 921 and the methodologies which it requires be employed before fire causation can be reliably determined. *Id.* Not only does NFPA 921 devote an entire chapter to electrically caused fires, it sets forth specific questions that must be answered before a fire can be determined to have been caused by electricity. *Id.* NFPA 921 also requires an investigator to eliminate all other theoretical causes before concluding that a fire was caused by a particular instrumentality. *Jackson v. Black & Decker (US), Inc.*, No. 4:06-CV-190-Y, 2008 WL 8973216 at n.3 (N.D. Tex. March 10, 2008). This last requirement is important in electrical fires because the "NFPA cautions that the investigator must be careful not to assume that abnormal electrical activity or damage (like arcing) is evidence that the fire was caused by electricity, because this damage can be both the cause of the fire or a result of the fire." *Atlantic Specialty Ins.*, 2016 WL 6126062 at *5.

Winkfein freely admits that he did not eliminate other causes of the fire before concluding that an arc in the Triplex wire providing electrical service to the Plaintiff's home caused the fire. Other than looking at the area around the house after the fire and observing some melted Triplex in the driveway, Winkfein took no photos or samples, sifted through no debris at the scene, and included no diagrams, witness statements, or notes in his report. He made no calculations as to voltage or amperage which would support his theory of causation. His conclusion as to causation did not even try to comport with NFPA 921, rendering it unreliable, speculative, and conclusory.

60.407 Cude
Pldgs/AEP's Reply to Pltf's Resp. to Mtn to Exclude
Expert Test. Of B. Winkfein

Page 2

*Portillo v. Sears Roebuck and Company,* EP-13-CV-369-PRM, 2014 WL 12591731 (W.D. Tex. Sept. 17, 2014).

## II.
## COMPARISON TO DEFENDANT'S EXPERTS

In an interesting twist of logic, the Plaintiff argues that his expert's opinions, which ignore NFPA 921, are relevant and reliable because AEP's experts, Ricardo Torres and Dr. Don Russell, both conclude that the cause of the fire is undetermined based upon the standards set forth in NFPA 921.

AEP's experts correctly conclude the undetermined cause of the fire is in part due to the inability to eliminate other causes, as is required by NFPA 921. Although Mr. Torres made such a determination after 3 days of sifting debris at the site, he was able to conclude that the fire originated within the Cude residence, not outside over the driveway in the Triplex as Mr. Winkfein speculates.

Dr. Russell, employing the standards of the NESC, also ignored by Mr. Winkfein, specifically refutes all of Mr. Winkfein's unsupported criticisms of AEP's equipment. Dr. Russell confirms, in agreement with Mr. Torres, that the damage to the Triplex (the arcing Mr. Winkfein describes) is common in most house fires and likely represents damage resulting from the fire, not necessarily the cause of the fire, illustrating the need to eliminate all other possible causes through a comprehensive investigation.

Mr. Winkfein's ability to reach a speculative and conclusory opinion by virtue of his failure to employ the applicable standards of the NESC and NFPA 921 serves to make his opinion completely unreliable and inadmissible, not helpful as disingenuously contended in the Plaintiff's response.

60.407 Cude
Pldgs/AEP's Reply to Pltf's Resp. to Mtn to Exclude
Expert Test. Of B. Winkfein

Page 3

## III.
## OTHER RELIABILITY ISSUES

The Plaintiff's response ignores the numerous discrepancies existing between Mr. Winkfein's reports and his deposition testimony, nor does it address the fact that Mr. Winkfein's reports were composed by the Plaintiff and signed by Mr. Winkfein after he had skimmed the contents. These uncontested facts alone violate the reliability standards of Federal Rule of Evidence 702 as interpreted in *Daubert*.

## IV.
## CONCLUSION

Mr. Winkfein's opinions and testimony do not satisfy the reliability requirements of *Daubert*, nor do his qualifications indicate an expertise in electrical fire causation. His total lack of knowledge concerning the standards of NFPA 921 and his failure to do even a rudimentary investigation into the fire's cause, eliminating all possible causes, render his opinions unreliable and speculative. The fact that Mr. Winkfein's reports were authored by the Plaintiff further undermines the integrity of his opinions and his reliability as an unbiased and impartial witness in this matter.

WHEREFORE, PREMISES CONSIDERED, Defendant AEP Texas Inc. prays that this Court grant its Motion to Exclude the Expert Report and Testimony of Bill Winkfein from the trial of this matter, and that AEP have all other relief, in law and in equity, to which it shall be justly entitled.

Respectfully submitted,

SCHAUER & SIMANK, P.C.
615 N. Upper Broadway, Suite 700
Corpus Christi, Texas 78401-0781
Ph     : 361.884.2800
Fax    : 361.884.2822

60.407 Cude
Pldgs/AEP's Reply to Pltf's Resp. to Mtn to Exclude
Expert Test. Of B. Winkfein

Page 4

By: /s/ G. Don Schauer

G. Don Schauer
State Bar No. 17733298
Federal ID No.: 7641
dschauer@cctxlaw.com
Ronald A. Simank
State Bar No. 18359400
Federal ID No. 0359
rsimank@cctxlaw.com

**ATTORNEYS FOR DEFENDANT
AEP TEXAS INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to the following counsel of record on this the 30th day of December, 2020:

***VIA E-FILE and EMAIL:***
John Swallow
Huseman Law Firm
615 N. Upper Broadway, Ste. 2000
Corpus Christi, Texas 78401
jswallow@husemanlawfirm.com

/s/ G. Don Schauer
G. Don Schauer

60.407 Cude
Pldgs/AEP's Reply to Pltf's Resp. to Mtn to Exclude
Expert Test. Of B. Winkfein

Page 5