United States District Court
Southern District of Texas
**ENTERED**
December 01, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| WALTON CUDE, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. 2:19-CV-00388 |
| | § |
| AEP TEXAS INC., | § |
| | § |
| Defendant. | § |

## MEMORANDUM OPINION AND ORDER

Defendant AEP Texas Inc. ("AEP") moves for summary judgment on Plaintiff Walton Cude's negligence action arising out of a residential fire. (Dkt. No. 19). Previously, the Court granted AEP's motion to exclude testimony by Cude's sole proffered expert witness. (Dkt. No. 16). Cude did not designate another expert. AEP contends that without expert testimony, Cude's claims fail as a matter of law. For the following reasons, and after reviewing AEP's Motion for Summary Judgment, the record, and the applicable law, the Court **GRANTS** AEP's Motion for Summary Judgment.

### I.   BACKGROUND

Cude's house burned down at 4:00 a.m. on November 19, 2017. (Dkt. No. 13 at 1). On November 12, 2019, Cude filed suit in Texas state court alleging that AEP caused the fire by negligently providing electricity to his home. (Dkt. No. 1-3 at 3). AEP timely removed the case to federal court, and the Parties engaged in discovery. (Dkt. No. 1); (Dkt. No. 5). After the Court set an August 3, 2021 deadline for designating expert witnesses, Cude tapped Bill Winkfein as a non-retained testifying expert witness. (Dkt.

No. 8). AEP moved to exclude Winkfein's testimony. (Dkt. No. 13). The Court granted AEP's motion finding Winkfein insufficiently qualified for the task and his proposed testimony unreliable. (Dkt. No. 16). This development left Cude without expert testimony to support his claim that AEP's negligence caused the fire. AEP then filed this Motion for Summary Judgment contending that Cude's lack of expert testimony is fatal to his claim. (Dkt. No. 19). Cude did not respond to the Motion for Summary Judgment.[1] This Motion is ripe for adjudication.

## II.  DISCUSSION

AEP argues that Texas law requires Cude to proffer expert testimony to establish causation, and that Cude's failure to do so entitles AEP to judgment on his claims. The Court agrees.

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The key inquiry is whether a reasonable jury could find by a preponderance of the evidence for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). But where a party fails to fulfill its burden of production on an essential element of any claim, summary judgment as to that claim

---

[1] In the Southern District of Texas, a failure to timely respond is taken as a representation of no opposition. S.D. Tex. L.R. 7.4. However, a "motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). Instead, the court may accept the unopposed facts set forth in the summary judgment motion as undisputed. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (affirming the district court's acceptance of the facts in support of the defendant's summary judgment motion as undisputed, where the plaintiff made no opposition to the motion).

is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23, 106 S.Ct. at 2552. Furthermore, the moving party is "entitled to a judgment as a matter of law" because "the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.*

Texas law requires plaintiffs to offer expert testimony to substantiate claims involving issues with complex questions of causation. *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 751 (5th Cir. 2018); *Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 348 (Tex. 2015); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 583 (Tex. 2006). A claim is complex if it is beyond the scope of understanding of the average layperson. *See Smith*, 909 F.3d at 751; *Mack Trucks*, 206 S.W.3d at 583. Determining the source of a fire when more than one possibility exists is beyond the average layperson's understanding and requires expert testimony. *See Mack Trucks*, 206 S.W.3d at 583 (concluding that expert testimony was necessary to determine which of multiple potential sources caused the fire on a fuel truck); *cf. Emerson Elec. Co. v. Johnson*, 627 S.W.3d 197, 206-07 (Tex. 2021) (approving a jury's reliance on circumstantial evidence to prove causation in lieu of an expert because "it was undisputed" that a particular "source" "fueled the flames").

Cude's negligence claim against AEP involves a complex causation question regarding the source of the fire that burned Cude's home. As demonstrated in the Court's previous order dispensing with Cude's proffered expert, *see* (Dkt. No. 16 at 2–8), the

3

Parties disagree as to whether AEP's infrastructure or some other unknown source caused the fire. *Cf. Emerson Elec.*, 627 S.W.3d at 206-07. Questions of this nature are beyond the knowledge of an average layperson. *See Mack Trucks*, 206 S.W.3d at 583. Cude was required to present admissible expert testimony demonstrating that AEP's infrastructure caused the fire. *Id.* This Cude failed to do. Accordingly, his claim must be dismissed. *See Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

### III. CONCLUSION

In light of the foregoing, the Court finds that Cude is unable to establish causation for his negligence claim as a matter of law and summary judgment is therefore appropriate. AEP's Motion is **GRANTED**.

It is SO ORDERED.

Signed on November 30, 2021.

                                                                            *[signature]*
                                                                      **DREW B. TIPTON**
                                            **UNITED STATES DISTRICT JUDGE**